UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

## CIVIL MINUTES - GENERAL

| Case No. | 2:14-cv-02769-CAS(JCx) | Date | May 19, 2014 |
|---|---|---|---|
| Title | MATT CHALAWSKY V. MICHAEL WAYNE, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     **(In Chambers:)** DEFENDANT KIMBELL'S MOTION FOR
SUMMARY JUDGMENT (Dkt. #13, filed April 29, 2014)

**(In Chambers:)** PLAINTIFF'S EX PARTE APPLICATION TO
VACATE HEARING DATE RE: MOTION FOR SUMMARY
JUDGMENT (Dkt. #14, filed May 14, 2014)

## I.     INTRODUCTION AND BACKGROUND

On March 4, 2013, plaintiff Matt Chalawsky filed this action in Los Angeles
County Superior Court against defendants Digital Entertainment Corporation of America
("DECA"), Michael Wayne, and Donal Christopher Kimbell.  Dkt. #1.  Plaintiff filed the
operative first amended complaint ("FAC")  on March 26, 2014.  Id.  The FAC asserts a
total of nine claims for relief, including claims for fraud, breach of fiduciary duty,
violation of Section 10(b) of the Securities Exchange Act of 1934, and related claims.  Id.
Defendants filed a notice of removal in this Court on April 10, 2014.[1]  Dkt. #1.

Kimbell filed a motion for partial summary judgment on April 29, 2014.  Dkt. #13.
This motion is currently set for hearing on June 2, 2014.  Kimbell seeks summary

---

[1] While the initial complaint did not contain any claims grounded in federal law,
the FAC contains a claim for violation of the Securities Exchange Act of 1934.  Thus, the
notice of removal contends that this Court has subject matter jurisdiction over this action
pursuant to 28 U.S.C. § 1331, and that the removal is timely because this action did not
become removable until the FAC was filed on March 26, 2014.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-02769-CAS(JCx) | Date | May 19, 2014 |
|---|---|---|---|
| Title | MATT CHALAWSKY V. MICHAEL WAYNE, ET AL. | | |

judgment as to the three claims in the FAC that are asserted against him.[2] Plaintiff filed an ex parte application on May 14, 2014, seeking to continue the hearing date and extend the briefing deadlines on Kimbell's motion for summary judgment, so that plaintiff can conduct additional discovery. Dkt. #14.[3] Kimbell filed an opposition on May 16, 2014. Dkt. #15. After considering the parties' arguments, the Court finds and concludes as follows.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 56(d) provides the applicable legal standard for determining whether a court may defer considering a motion for summary judgement where, as here, the non-moving party asserts that "it cannot present facts essential to justify its opposition." Under Rule 56(d), a general assertion that discovery is incomplete does not provide grounds for deferring resolution of a motion for summary judgment. Instead, "[t]o obtain relief under Rule 56(d), the plaintiff must show (1) that she has set forth in affidavit form the specific facts that she hopes to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion." Grant v. Unifund CCR Partners, 842 F. Supp. 2d 1234, 1242 (C.D. Cal. 2012) (quoting State of Cal. v. Campbell, 138 F.3d 772, 779 (9th Cir. 1998)).

---

[2] The only claims in the FAC that are asserted against Kimbell are the following: (1) fraud by concealment; (2) fraudulent inducement; and (3) violation of California Corporations Code section 25401.

[3] Plaintiff appends to his application a "proposed" motion to defer consideration of defendant's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(d). See dkt. #14, Ex. A. Plaintiff requests that the Court consider this motion even though it was not noticed pursuant to the Local Rules. In light of the fact that the hearing on defendant's motion for summary judgment is scheduled to take place two weeks from the date of this order, the Court finds that plaintiff has set forth good cause for seeking ex parte relief. Accordingly, the Court considers plaintiff's proposed motion pursuant to Rule 56(d), along with his ex parte application, in determining whether to defer consideration of defendant's motion for summary judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    0

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-02769-CAS(JCx) | Date | May 19, 2014 |
|---|---|---|---|
| Title | MATT CHALAWSKY V. MICHAEL WAYNE, ET AL. | | |

## III.    DISCUSSION

The crux of plaintiff's claims against defendants is that defendants made a series of misrepresentations to plaintiff regarding the success and future business prospects of DECA.  Plaintiff contends that, as a result of these misrepresentations, he was induced to leave his job at Google and accept a position at DECA, only to discover that DECA was not as successful as he was led to believe.  Plaintiff avers that Kimbell is a "co-founder and a major shareholder of DECA," FAC ¶ 16, and that Kimbell was involved in making these misrepresentations.  Kimbell's primary argument in support of his motion for summary judgment is that he had limited involvement in DECA's operations after 2010, made no inaccurate statements to plaintiff, and did not conceal any material facts from plaintiff.

Plaintiff seeks deferral of this Court's consideration of Kimbell's motion for summary judgment on the grounds that further discovery is necessary for plaintiff to oppose the motion.  Specifically, plaintiff states that he must obtain additional written discovery, and also take Kimbell's deposition.  Plaintiff states that this additional discovery is necessary to further investigate Kimbell's role in the alleged fraud against plaintiff, and to probe the factual basis for alleged representations made by Kimbell.  In this regard, plaintiff states that additional discovery is likely to controvert Kimbell's contention that he has not been actively involved in DECA's operations since 2010.  Additionally, plaintiff contends that additional discovery will reveal that DECA's business prospects were not as promising as Kimbell described them to be at the time that plaintiff was allegedly induced to leave his job at Google.

Plaintiff avers that his recent efforts to obtain discovery have been hindered by this action's recent removal to this Court.  In particular, plaintiff states that the parties have not yet held a conference pursuant to Federal Rule of Civil Procedure 26(f).  Plaintiff states that, as a result, pursuant to Rule 26(d)(1), he has been barred from seeking discovery since this action was removed on April 10, 2014.  See Fed. R. Civ. P. 26(d)(1) (stating that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)").

Kimbell responds that plaintiff's motion should be denied because plaintiff has not diligently pursued discovery since the filing of this action on March 4, 2013, and has not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-02769-CAS(JCx) | Date | May 19, 2014 |
|---|---|---|---|
| Title | MATT CHALAWSKY V. MICHAEL WAYNE, ET AL. | | |

made an adequate showing that additional discovery is likely to yield facts that will assist plaintiff in opposing Kimbell's motion for summary judgment.

The Court finds that plaintiff has set forth an adequate basis for deferring ruling on Kimbell's motion for summary judgment. Based on the representations in plaintiff's ex parte application and motion pursuant to Rule 56(d), additional discovery may yield facts essential to plaintiff's opposition. See Grant, 842 F. Supp. 2d at 1242. Accordingly, the Court defers ruling on Kimbell's motion for summary judgment for 90 days from the date of the initial scheduling conference in this matter. Additionally, in order to expedite the resolution of Kimbell's motion, the Court finds that the date of the scheduling conference should be advanced.

## III.    CONCLUSION

In accordance with the foregoing, plaintiff's ex parte application and motion pursuant to Rule 56(d) are hereby GRANTED. The Court CONTINUES the hearing on Kimbell's motion for summary until **September 8, 2014, at 10:00 am**. Plaintiff's opposition shall be due on **August 18, 2014**. Kimbell's reply shall be due on **August 25, 2014**.

Additionally, the Court hereby ADVANCES the scheduling conference in this matter to **June 2, 2014, at 11:00 am**.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |